U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

AUG 14 2025

FILED

Keith Davis,

  Plaintiff,

v.            Civil Action No. _CV125- 183_

Keith Davis,
Plaintiff,

v.

WideOpenWest, Inc.,
Crestview Partners, LP,
DigitalBridge Group, Inc.,
Defendants.

  Defendant.

COMPLAINT

Plaintiff Keith Davis files this Complaint against Defendant WideOpenWest, Inc. (WOW!), and alleges as follows:

PARTIES

1. Plaintiff Keith Davis is an individual and former employee of WOW!, residing in the State of Georgia.

2. Defendant WideOpenWest, Inc. is a Delaware corporation authorized to do business in Georgia with its principal office located in Englewood, Colorado.

2A. Defendant Crestview Partners, LP is a private equity firm with significant equity ownership in WideOpenWest, Inc., and maintains its principal office at 667 Madison Avenue, 10th Floor, New York, NY 10065. Crestview may be served through its registered agent for service of process in the state of New York or any other jurisdiction where proper.

2B. Defendant DigitalBridge Group, Inc. is a global digital infrastructure investment firm headquartered at 750 Park of Commerce Drive, Suite 210, Boca Raton, FL 33487. DigitalBridge may be served through its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301, or its principal place of business.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to Title VII of the Civil Rights Act of 1964, as amended.

4. Venue is proper in this Court under 28 U.S.C. § 1391 because the unlawful employment practices occurred in this District.

## STATEMENT OF FACTS

5. Plaintiff worked for WOW! for nearly a decade, consistently delivering top performance.

5A. Defendant Crestview Partners, LP is a private equity firm with significant equity ownership in WideOpenWest, Inc., and maintains its principal office at 667 Madison Avenue, 10th Floor, New York, NY 10065. Crestview may be served through its registered agent for service of process in the state of New York or any other jurisdiction where proper.

5B. Defendant DigitalBridge Group, Inc. is a global digital infrastructure investment firm headquartered at 750 Park of Commerce Drive, Suite 210, Boca Raton, FL 33487. DigitalBridge may be served through its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301, or its principal place of business.

6. Plaintiff raised concerns regarding unfair treatment, exclusion from leadership communication, and a pattern of racial bias and retaliation that began to escalate under VP Misty Jensen's leadership in late 2022. While Plaintiff did not begin formally articulating concerns about the workplace climate until October 2023, the change in leadership marked a distinct shift in how Plaintiff's contributions were received. This culminated in Plaintiff's email referencing his exhaustion with ongoing threats, following an aggressive message sent to the sales leadership team that stated, 'you better do this or we're going to take that away from you.'

7. In December 2023, Plaintiff submitted multiple emails detailing policy violations, strategic objections, and performance-based arguments against leadership changes.

8. Plaintiff's suggestions were not only ignored but labeled as inappropriate by WOW! leadership.

9. On December 21, 2023, Plaintiff emailed leadership to formally raise a long-ignored policy violation regarding out-of-market prospecting. He cited over 100 improperly opened opportunities by a peer team, violating company rules and undermining team performance. The very next day, December 22, 2023, WOW! leadership submitted Plaintiff's termination request. At no point did leadership formally engage Plaintiff's concerns. The timing and context strongly suggest this was retaliation.

10. WOW! claimed the termination was based on tone and communication, despite Plaintiff's documented performance improvements and strong metrics.

11. In April 2024, WOW! reaffirmed its position in an internal statement responding to Plaintiff's EEOC complaint.

12. In July 2025, Plaintiff's counsel reissued a settlement demand. On August 6, 2025, WOW!'s attorney explicitly stated that Defendant was not interested in settlement. Despite consistently being relied upon by management—including his direct supervisor—for strategic input, reporting, and coaching advice, Plaintiff's tone and confidence were later reframed as inappropriate. This contradiction highlights the retaliatory and discriminatory nature of WOW!'s treatment.

13. In or around November 2023, Plaintiff engaged in a strategic conversation with Senior Manager Cil Schnitker regarding proposed changes to market headcount. When asked whether her conclusions were based on data, Ms. Schnitker initially confirmed they were. Plaintiff then presented detailed reports sourced from internal billing and geo-penetration systems that contradicted the headcount recommendation. When asked for the origin of her numbers, Ms. Schnitker admitted, "I don't know." After reviewing Plaintiff's reports, the proposal to add headcount was quietly dropped. This incident further illustrates Plaintiff's pattern of data-driven leadership and the absence of valid performance concerns.

14. In late 2023, Plaintiff raised concerns about WOW!'s attempt to enforce uniform sales structuring across all markets, despite clear evidence that local conditions—such as account volume in the Augusta-Charleston region—did not support such changes. Plaintiff respectfully challenged the rollout of a 'Senior Field Sales Executive' role in his region, citing team performance data and strategic risks. These concerns were presented in performance-grounded emails dated December 18 and 19, 2023. Plaintiff's communications were later characterized by leadership as inappropriate, even though WOW! ultimately adopted nearly all of Plaintiff's recommendations after his termination—further undermining any claim of misconduct and reinforcing the retaliatory nature of his dismissal.

15. Throughout 2023, Plaintiff submitted numerous emails offering data-driven suggestions and leadership-level feedback to improve commercial sales performance. Many of these messages—while passionate and strategy-focused—were ignored by leadership. Notably, several of the communications that Defendant later characterized as "concerning" or "inappropriate" were never addressed at the time they were sent. Instead, Plaintiff's good-faith engagement was met with silence, isolation, and ultimately, termination. The post-termination adoption of Plaintiff's strategy further demonstrates retaliatory intent and pretextual justification.

16. Leadership at WOW! routinely ignored Plaintiff's ideas, challenges, and reports—until those ideas were later implemented without attribution. Emails that expressed performance pride, team defense, and market logic were labeled "inappropriate." Plaintiff's style—professional, confident, and direct—was treated as a threat. As Deion Sanders aptly

stated: "Don't let my confidence offend your insecurity." That is exactly what happened here.

17. Upon information and belief, Crestview Partners, LP holds the largest equity interest in WideOpenWest, Inc., with ownership approximating 37 to 38 percent during the relevant period. Further, DigitalBridge Group, Inc., in concert with Crestview, has entered into a definitive agreement to acquire all outstanding shares of WOW!, thereby taking the company private in a transaction valued at approximately $1.5 billion. As principal equity stakeholders and parties exerting substantial influence over WOW!'s governance, Crestview and DigitalBridge are believed to have had constructive knowledge or oversight responsibility regarding systemic employment practices, including Plaintiff's claims of discrimination and retaliation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Keith Davis respectfully requests that this Court grant the following relief:

1. Judgment in favor of Plaintiff and against Defendants on all counts;
2. An award of back pay, front pay, and lost benefits;
3. Compensatory damages for emotional distress, pain and suffering;
4. Punitive damages to the extent permitted by law;
5. Pre- and post-judgment interest as permitted by law;
6. All court costs, filing fees, and other litigation-related expenses incurred;
7. An order requiring Defendant WOW! to expunge all negative performance documentation related to Plaintiff's termination;
8. An order requiring WOW!'s Senior Leadership (including Sr. Managers and above in Commercial Sales and Human Resources) to complete comprehensive training in:
   (a) Cultural bias and systemic discrimination;
   (b) Effective communication in leadership;
   (c) Professional coaching and development best practices;
9. Such other and further relief as the Court deems just and proper;

Plaintiff seeks damages in an amount exceeding $950,000.

Respectfully submitted,

Keith Davis
Pro Se Plaintiff
916 Innisbrook Dr.
Evans, GA 30809
keith.davis614@gmail.com
~~(706) 364-9111~~ 706 829-2553

Date: August 14, 2025

**Exhibit A**

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 06/26/2025

**To:** Kieth Davis
916 INNISBROOK DR
Evans, GA 30809
Charge No: 410-2024-07320

EEOC Representative and email:    JOHN JARVIS
Investigator
john.jarvis@eeoc.gov

## DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 410-2024-07320.

On behalf of the Commission,

Digitally Signed By:Darrell E. Graham
06/26/2025
Darrell E. Graham
District Director

**Cc:**
NA NA
3714 WHEELER RD
Augusta, GA 30909

Sean Crotty
scrotty@honigman.com

Lisa Scheibly
Spielberger Law Group
4890 W. Kennedy Blvd. Suit 950
TAMPA, FL 33609


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law.** If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 410-2024-07320 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Darrell E. Graham, 100 Alabama Street, SW Suite 4R30, Atlanta, GA 30303.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 410-2024-07320 to the District Director at Darrell E. Graham, 100 Alabama Street, SW Suite 4R30, Atlanta, GA 30303.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

# EXHIBIT B

**Strategic Recommendations and Leadership Communications**

This exhibit summarizes key communications by Plaintiff Keith Davis to WOW! leadership that demonstrate his good-faith efforts to improve commercial sales strategy, challenge arbitrary or biased decisions, and offer data-driven recommendations. These communications were ignored, dismissed, or later cited as 'concerning'—and many were ultimately adopted by WOW! after Plaintiff's termination.

| Date | Summary of Communication | Leadership Response / Outcome |
|---|---|---|
| Nov 2023 | Presented geo-penetration and billing data to refute proposed increase in headcount. Asked for source of management's data, which was not provided. Shared internal reports. | No rebuttal provided. Headcount expansion halted. No further engagement from leadership. |
| Dec 18, 2023 | Emailed leadership citing 106% quota attainment in Augusta-Charleston. Expressed concern about introducing a Senior FSE role that didn't align with market needs. | Ignored. Later flagged as inappropriate. |
| Dec 19, 2023 | Reinforced performance record (8/11 months over quota). Challenged uniform hiring as counterproductive. Requested opportunity to run market-specific strategy. | Never acknowledged. Marked as 'inappropriate' in hindsight. |
| Dec 21, 2023 | Flagged systemic violations of WOW!'s sales territory rules. Cited 110+ out-of-market opportunities by peer teams. Linked to Salesforce data. Reinforced company policy. | Ignored. Termination paperwork submitted the next day (Dec 22). |
| Multiple (2023) | Submitted strategic suggestions regarding forecasting, coaching, and team structure. Advocated for performance-first, local market approaches. | No substantive responses. Communications later characterized negatively. Many suggestions implemented post-termination. |

| | | |
|---|---|---|
| Oct 12, 2023 | Plaintiff emailed Supervisor Cil Schnitker acknowledging a deviation from cadence structure but affirming his commitment to WOW!'s strategy and leadership. The message was transparent and expressed sincere effort, conformity, and willingness to improve under high-pressure expectations. | Deemed 'concerning' by leadership despite its respectful and constructive tone. Used to justify discipline. Further supports retaliation pretext and intolerance of Plaintiff's authentic leadership style. |
| Sept 6–8, 2023 | Plaintiff engaged in a respectful exchange with supervisor Cil Schnitker regarding a new company-wide sales strategy. Plaintiff requested a performance-based exemption for his team, citing 130% to quota performance. In a follow-up email, he expressed strategic disagreement in brief, reflective statements, while reaffirming compliance. | Despite the professional and data-supported tone, leadership labeled these communications 'concerning.' This marked the start of a pattern where Plaintiff's feedback was reframed as problematic—despite alignment with business outcomes. |
| Ongoing (2023) | Plaintiff was routinely sought out by direct supervisor and others for strategic input, reporting advice, sales coaching, and process improvement suggestions. This reliance demonstrated trust in Plaintiff's leadership. | Despite regular reliance on Plaintiff's guidance, WOW! later cited communication style and tone as a basis for termination. This shift in perception coincided with Plaintiff's protected activity and challenges to unfair practices—demonstrating pretext. |

# EXHIBIT C

**Retaliation Timeline – Keith Davis v. WideOpenWest (WOW!)**

This exhibit outlines the sequence of protected activities and subsequent retaliatory actions that culminated in the termination of Keith Davis. The timing, content, and responses to each action provide compelling evidence of pretext and retaliation following protected conduct.

| Date | Protected Activity / Communication | Employer Response / Retaliatory Action |
|---|---|---|
| Sept 6–8, 2023 | Challenged applicability of company-wide sales strategy based on team's superior performance. Requested exemption supported by data. Reaffirmed compliance. | Emails later deemed 'concerning.' Leadership's tone began to shift from praise to increased scrutiny. |
| Oct 12, 2023 | Emailed supervisor expressing stress, vulnerability, and desire to conform. Highlighted difficulty managing change while maintaining performance. | Email labeled 'concerning.' Cited during later termination justification. |
| Nov 2023 | Presented data to challenge proposed headcount strategy. Asked where leadership's numbers came from. Supplied own validated reports. | Request dismissed. Topic dropped without follow-up. Tension increased around Plaintiff's leadership approach. |
| Dec 18, 2023 | Shared celebratory performance update for Augusta-Charleston team. Raised early concern about new staffing strategy and potential damage to results. | Email ignored. Leadership later cited it as 'inappropriate' for tone and questioning of strategy. |
| Dec 19, 2023 | Emailed supervisor urging against forced uniformity. Defended custom strategy aligned to performance. Requested autonomy to run team as-is. | Labeled 'inappropriate.' Marked a turning point in how Plaintiff's assertiveness was framed. |
| Dec 21, 2023 | Formally raised systemic policy violations by a peer team. Included Salesforce report documenting 110+ | Completely ignored. Termination request submitted the next day— Dec 22, 2023. |

|  | out-of-market opps opened. |  |
| --- | --- | --- |
| Dec 27, 2023 | Received official termination communication. No formal investigation or discussion of protected concerns. No progressive discipline offered. | Termination finalized. Performance, communication, and tone cited as pretext. |