## IN THE UNITED STATES DISTRICT COURT FOR
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | |
|---|---|
| KEITH DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 1:25-CV-00183 |
| ) | |
| WIDEOPENWEST, INC. ) | |
| CRESTVIEW PARTNERS, LP, ) | |
| DIGITALBRIDGE GROUP, INC., ) | |
| ) | |
| Defendants. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant, WideOpenWest, Inc. ("Defendant), by and through its undersigned counsel, hereby serves its Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial and, in support thereof, states as follows:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed, in whole or in part, because some or all of Plaintiff's allegations fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any failure by Plaintiff to fully exhaust his administrative remedies bars him from pursuing those claims required to be brought before and investigated by the EEOC or any other administrative agency.

1

## THIRD AFFIRMATIVE DEFENSE

All claims in the Complaint that did not accrue within the timeframe prescribed by law and within the limitations presented by law are barred.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and every purported cause of action set forth therein, is too vague and uncertain to provide the basis for any relief.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged protected status or any other factor protected by law was neither a determining nor motivating factor in any action taken by Defendant.

## SIXTH AFFIRMATIVE DEFENSE

All actions taken by Defendant affecting Plaintiff and/or the terms or conditions of his employment were taken for legitimate, non-discriminatory, non-retaliatory reasons and, as such, did not violate any legal rights possessed by Plaintiff.  In the alternative, even if Plaintiff is able to demonstrate that discrimination played a motivating part in any action at issue in this case, which it did not, the same action would have been taken for legitimate, non-discriminatory, non-retaliatory reasons.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged discrimination or retaliation experienced by Plaintiff was not because of Plaintiff's alleged protected status.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant's decisions with respect to Plaintiff's employment were justified based upon its judgment regarding individual performance, qualifications, skill, effort, experience, responsibility, merit, seniority, and/or other bona fide qualifications.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by lack of jurisdiction and/or improper venue.

## TENTH AFFIRMATIVE DEFENSE

At all times Defendant has acted in accordance with, and in good faith compliance with, federal and state law.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prohibit, prevent, and correct promptly discriminatory or unlawful behavior, if any. Defendant has a policy prohibiting discrimination, and a procedure by which its employees should inform it of any such complaints. The policy provides that such complaints will be the

subject of prompt remedial action reasonably calculated to end alleged discrimination.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Defendant would have made the same employment decisions with regard to Plaintiff irrespective of Plaintiff's protected status.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for liquidated or punitive damages, if any, are barred because Defendant has not engaged in any practice with actual malice or wanton or willful disregard for Plaintiff's rights.

## FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by the after-acquired evidence doctrine.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any and all decisions made and actions taken by and/or on Defendant's behalf were made and taken in the exercise of proper managerial discretion and in good faith and for valid business reasons.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, to the extent Plaintiff seeks to recover damages in excess of the types or amounts allowed by law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, to the extent Plaintiff has failed to act reasonably to mitigate his alleged damages as required by law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as Defendant did not treat any employee outside Plaintiff's protected class(es) more favorably than it treated Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any of the relief requested in Plaintiff's Complaint, including, but not limited to, compensatory, actual, special, punitive, exemplary, or liquidated damages or declaratory or injunctive relief.  To the extent Plaintiff is entitled to any relief, however, such relief is limited by applicable law.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend this Answer, to add any affirmative or other defenses, or to withdraw defenses as deemed warranted after reasonable opportunity for discovery.

Defendant answers the number paragraphs of Plaintiff's Complaint as follows:

## PARTIES

### 1.

Defendant is without sufficient knowledge or belief to admit or deny the allegations contained in Paragraph No. 1 of Plaintiff's Complaint and therefore, denies the same. Responding further, the allegations state a legal conclusion to which no response is required.

### 2.

Defendant admits the allegations contained in Paragraph No. 2 of Plaintiff's Complaint.

### 2A.[sic]

The allegations contained in Paragraph No. 2A of Plaintiff's Complaint are not directed at this Defendant. To the extent an answer is required, this Defendant denies the allegations contained in Paragraph No. 2A.

### 2B. [sic]

The allegations contained in Paragraph No. 2B of Plaintiff's Complaint are not directed at this Defendant. To the extent an answer is required, this Defendant denies the allegations contained in Paragraph No. 2B.

JURISDICTION AND VENUE

3.

Defendant denies the allegations contained in Paragraph No. 3 of Plaintiff's Complaint.

4.

Defendant denies the allegations contained in Paragraph No. 4 of Plaintiff's Complaint.

STATEMENT OF FACTS

5.

Defendant admits that it employed Plaintiff. Defendant denies the remaining allegations contained in Paragraph No. 5 of Plaintiff's Complaint.

6.

Defendant denies the allegations contained in Paragraph No. 6 of Plaintiff's Complaint.

7.

Defendant denies the allegations contained in Paragraph No. 7 of Plaintiff's Complaint.

8.

Defendant denies the allegations contained in Paragraph No. 8 of Plaintiff's Complaint.

9.

Defendant denies the allegations contained in Paragraph No. 9 of Plaintiff's
Complaint.

10.

Defendant denies the allegations contained in Paragraph No. 10 of Plaintiff's
Complaint.

11.

Defendant denies the allegations contained in Paragraph No. 11 of Plaintiff's
Complaint.

12.

Defendant denies the allegations contained in Paragraph No. 12 of Plaintiff's
Complaint.

13.

Defendant denies the allegations contained in Paragraph No. 13 of Plaintiff's
Complaint.

14.

Defendant denies the allegations contained in Paragraph No. 14 of Plaintiff's
Complaint.

15.

Defendant denies the allegations contained in Paragraph No. 15 of Plaintiff's Complaint.

16.

Defendant denies the allegations contained in Paragraph No. 16 of Plaintiff's Complaint.

17.

The allegations contained in Paragraph No. 17 of Plaintiff's Complaint are not directed at this Defendant. To the extent an answer is required, this Defendant denies the allegations contained in Paragraph No. 17.

Any allegation in Plaintiff's Complaint not specifically responded to above is hereby specifically denied and Defendant denies Plaintiff's PRAYER FOR RELIEF and WHEREFORE paragraphs and all subparts contained therein.

**WHEREFORE**, Defendant respectfully prays that this Court:

(a)    dismiss Plaintiffs' Complaint;

(b)    or, alternatively, award judgment in favor of the Defendant; and

(c)    tax all costs and attorneys' fees against Plaintiffs; and

(d)    for such other and further relief as this Court deems appropriate and just.

This 26th day of September, 2025.

> **GORDON REES SCULLY**
> **MANSUKHANI, LLP**
>
> /s/Chad A. Shultz
> Chad A. Shultz
> Georgia Bar No. 644440
> 55 Ivan Allen Junior Boulevard NW
> Suite 750
> Atlanta, GA 30308
> Telephone: (404) 978-7325 (Direct)
> Telephone: (404) 869-9054 (General)
> cshultz@grsm.com
>
> *Counsel for Defendants*

10

## CERTIFICATE OF SERVICE

I hereby certify that I have this 26th day of September, 2025, filed the foregoing document using this Court's CM/ECF electronic filing system, and served a copy of the same upon Plaintiff *pro se,* by First Class U.S. Mail, postage prepaid:

Keith Davis, Plaintiff
916 Innisbrook Dr.
Evans, GA 30809
Telephone: (706) 829-2553
Keith.davis614@gmail.com

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Chad A. Shultz*
COUNSEL

11